FLETCHER, Judge.
William M. Koster appeals from the denial of his motion for post-conviction relief pursuant to rule 3.850, and from the denial of his motion for resentencing. We affirm.
Koster was convicted after jury trial of attempted first-degree murder with a firearm and shooting a deadly missile within an automobile. Koster was sentenced to a 90-month (7.5 year) term in state prison with a three year mandatory minimum for use of the firearm. He did not appeal from his conviction and sentence.
On motion for post-conviction relief, Koster raised three claims of ineffective assistance of counsel, which the trial court addressed through an evidentiary hearing. After hearing testimony from both Koster and his trial attorney, the trial court determined that Koster’s defense counsel was competent, effective, and vigorous in his representation, and denied Koster’s motion for post-conviction relief. On review of the record, we agree with the trial court’s findings and affirm.
Koster’s post-conviction counsel filed a motion for this court to relinquish jurisdiction to the circuit court so that he could file a motion for correction or modification of sentence. This court relinquished jurisdiction for that purpose. Koster asserted that his sentence was illegal because he had been sentenced pursuant to the unconstitutional 1995 Sentencing Guidelines. See Heggs v. State, 759 So.2d 620 (Fla.2000) (Chapter 95-184, Laws of Florida, unconstitutional for violating the single subject rule of the state constitution). The trial court denied Koster’s motion to correct sentence and we affirm since it appears from the record Koster’s total incarceration of 90 months does not exceed the sentencing range under the constitutional 1994 guidelines. Heggs, 759 So.2d at 627 (“[I]f a person’s sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines ... then that person shall not be entitled to relief under our decision here.”).
Affirmed.